# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DAVID RUSSELL WEBB,<br>　　　Plaintiff, | Case No. 1:13-cv-260 |
| vs | Weber, J.<br>Wehrman, M.J. |
| RONALD JAMES HOWERTON, et al.,<br>　　　Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the David Wade Correctional Center in Homer, Louisiana, has filed this lawsuit against defendants Ronald James Howerton, Patricia Howerton, Regina Howerton, and the Avenging Angels Motorcycle Club.  (Doc. 1).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490

U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. In the complaint, plaintiff alleges that the defendants fraudulently stole his inheritance. (Doc. 1). Plaintiff alleges that he is the sole legitimate hair to

2

his mother's estate. *Id.* at 4. He claims that his mother ratified her last will and testament in 2000. *Id.* Plaintiff further contends that his mother sold him his home for a one dollar conveyance, with his mother retaining a life-estate. *Id.* Plaintiff indicates that his mother "left a letter explaining these things at the Huntington National Bank on West Broad Street, Columbus, Ohio; and the U.S. Bank in Irontown, Ohio." *Id.* at 4a.

Plaintiff claims that after his mother became terminally ill from lupus, emphysema and Alzheimer's, that the Howertons drew up a "bogus will." *Id.* Petitioner alleges that defendant Ronald Howerton informed him that his mother had changed some things in her will, but "[h]e didn't explain that he had connived and swayed my mom on her death bed and not of a sound mind from Alzheimer to sign a new will, or that the Howertons forged her signature favoring Ronald James Howerton, my half nephew." *Id.* at 4a.

In the complaint, plaintiff indicates that he suspects that the Howerton defendants, alleged members of the Avenging Angles Bikers, "are racketeering my mother's estate." *Id.* at 4a. Plaintiff further states that he suspects that religious theories were used to steal his inheritance. He claims that the "Howertons may have blended Jehovah's Witness belief in the probate proceedings who believe if someone is in prison they are disinherited." *Id.* at 4b. Finally, plaintiff argues that defendants Ronald James Howerton, Patricia Howerton and Regina Howerton were all unfit to act as executors of his mother's estate. *Id.*

For relief, plaintiff requests that the Court use his mother's will from 2000, void the alleged forged will, and void Ronald Howerton's power of attorney. He further requests that defendants be ordered to repay what they took from his mother's estate and asks that defendants be prosecuted for the crimes committed in stealing his inheritance. *Id.* at 5.

3

Plaintiff's complaint should be dismissed because the Court does not have jurisdiction to provide him with the relief he seeks. "It is well-settled that 'a federal court has no jurisdiction to probate a will or administer an estate . . . .'" *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). "Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006). However, the probate exception does not operate to bar federal courts from exercising jurisdiction "over claims seeking *in personam* jurisdiction based upon tort liability because the claims do not interfere with the *res* in the state court probate proceedings or ask a federal court to probate or annul a will." *Wisecarver*, 489 F.3d at 751.

In this case, plaintiff asks the Court to annul the alleged "bogus will," administer his mother's estate according to the 2000 will, void defendant Ronald Howerton's power of attorney, and to award him damages equal to the amount of the probate disbursements. Awarding plaintiff such relief falls squarely within the probate exception. *See Wisecarver*, 489 F.3d at 750 n.1 (noting that to award damages equal to the amount of the probate disbursements is tantamount to setting aside the will and prohibited by the probate exception). Accordingly, the Court does not have jurisdiction to provide plaintiff with the relief he requests.

Finally, as to plaintiff's request that defendants be prosecuted for crimes allegedly committed must also be dismissed for failure to state a claim upon which relief may be granted. A private citizen cannot institute a criminal action. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001). *See also Zukowski v. Bank*

4

*of America*, No. 2:09-mc-30, 2009 WL 2132620, 2 (S.D. Ohio July 7, 2009); *Plant v. Internal Revenue Service*, 943 F. Supp. 833, 837 (N.D. Ohio 1996). Therefore, plaintiff's complaint fails to state a claim for relief to the extent that he seeks to initiate criminal actions against defendants.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice on the ground that plaintiff fails to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv*., 105 F.3d 274, 277 (6th Cir. 1997).

This, the 13th day of May, 2013.    s/ J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID RUSSELL WEBB,
    Plaintiff,

vs

RONALD JAMES HOWERTON, et al.,
    Defendants.

Case No. 1:13-cv-260

Weber, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).